Appointment of Viewers to Assess Damages in Acquiring an Easement for Interceptor Sewer Line Etc. Lackawanna River Basin Sewer Authority, Appellant.

Submitted on briefs February 3, 1984, to Judges MacPhail, Doyle and Blatt, sitting as a panel of three.

Ralph P Carey, Ralph P. Carey & Associates, for appellant.

David J. Rinaldi, with him, William P. Farrell, Rinaldi & Rinaldi, for appellee.

OPINION BY JUDGE BLATT, May 11, 1984:

The Lackawanna River Basin Sewer Authority (Authority) appeals here from an order of the Court of Common Pleas of Lackawanna County holding that the Authority is not entitled to a set-off pursuant to Section 4 of the Act of July 1, 1937 (Act)[1] against condemnation damages awarded to O.S.C. Company (OSC).

In 1974, the Authority filed a declaration of taking for the purposes of constructing an interceptor sewer line over property owned by OSC. Following a contested hearing before the duly appointed Board of Viewers, a report was issued awarding OSC $12,-000.00 for condemnation damages and $500.00 for attorney and appraisal fees. Judgment was entered on September 30, 1982 in favor of OSC and against the Authority in the amount of $18,489.85.[2]

The Authority then filed a petition for set-off against the award pursuant to Section 4 of the Act, 53 P.S. §7234,[3] and a petition to correct the amount of

---

[1] P.L. 2611, added by Section 1 of the Act of April 15, 1943, P.L. 53, 53 P.S. §7234.

[2] Damages were initially awarded as follows:

| | |
|---|---:|
| Amount of Award | $12,000.00 |
| Partial Payment | ($   580.00) |
| | 11,420.00 |
| Interest | $ 6,569.85 |
| Fees Awarded | 500.00 |
| | $18,489.85 |

[3] Section 4 of the Act reads:

If any person who is indebted to the political subdivision on account of delinquent taxes, municipal claims or judgment as aforesaid, and who has a claim or account against such political subdivision, shall, upon demand of the political subdivision, refuse, neglect or fail to enter into an agreement as hereinbefore provided, such political subdivision may petition the court of common pleas of the county, . . . asking for a rule to show cause why a decree should not be

the judgment.[4]  In its petition, the Authority sought to set-off sewer construction liens attached to OSC properties not involved in the present condemnation proceeding.  On October 19, 1982, the Court of Common Pleas of Lackawanna County entered a rule to show cause why the set-off should not be granted and why the judgment should not be corrected as requested. Following argument, that court filed an order and opinion in January 1983 dismissing the earlier granted rule as to the set-off claim and making it absolute as to the requested judgment correction.  The Authority then filed exceptions to the dismissal of its set-off claim, and they were dismissed in a memorandum opinion and order by the court on May 10, 1983.  The present appeal ensued.

Our scope of review of this decision of a court of common pleas in an eminent domain case is limited to determining whether or not the court committed an abuse of discretion or an error of law.  *In re Condemnation by Com., Dept. of Transp., of Right-of-Way for Legislative Route 02302,* 54 Pa. Commonwealth Ct. 478, 422 A.2d 711 (1980).

In dismissing the Authority's petition for set-off, the court of common pleas stated in its January 1983 opinion that, "by virtue of 53 P.S.A. 7274,[5] [sic] and since these municipal improvement claims are in rem, they can only be recovered against the property

made that the amount [owed] . . . be set-off against the claim or account which such person has against the political subdivision, . . . .

[4] The Authority asserted in its petition to correct the amount of the judgment that the amount of interest had been incorrectly calculated and that the actual interest due was only $5,388.00, thus reducing the real debt to $17,308.00.  In its January 1983 opinion, the court of common pleas agreed and OSC has not appealed the the reduction in interest payable.

[5] Section 23 of the Act of May 16, 1923, P.L. 207, 53 P.S. §7274.

improved. Section 7274 specifically states that judgment for municipal improvements 'shall be *de terris* only, and shall be recovered out of the property bound by the lien and not otherwise.' '' See p. 35a of the Reproduced Record (emphasis in original). The memorandum opinion dated May 10, 1983, however, dismissed the Authority's exception to the January order because the court found that Section 521 of the Eminent Domain Code[6] permitted the Authority to set-off only those municipal liens which attached to the particular property condemned.

The Authority contends that the inconsistency in reasoning between the two opinions is proof that the court's decision to dismiss the petition for set-off was not only arbitrary but constituted legal error. It further argues that, under Section 4 of the Act as construed in *City of Pittsburgh v. Gribbin*, 51 D. & C. 587 (1944), ". . . Municipal Claims, no matter how derived, may be set-off against a municipal obligation, no matter how obtained.''

The Authority's petition for set-off was ancillary to an award of condemnation damages and, as such, we are bound by law[7] to apply any relevant provisions of the Eminent Domain Code. We must hold, therefore, that the court of common pleas erred in relying on 53 P.S. §7274 and, in turn, that the Authority may not set-off any liens against condemnation damages pursuant to Section 4 of the Act.[8]

---

[6] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-521.

[7] *See* Section 303 of the Eminent Domain Code, *as amended*, 26 P.S. §1-303 which reads, in part, that "[i]t is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor, . . . ."

[8] We note that while the Authority is correct in stating that in the *City of Pittsburgh v. Gribbin*, 51 D. & C. 587 (1944), the court

We must still, however, examine the Eminent Domain Code to determine whether or not that Act provides for set-off of municipal liens, and we note that Section 521 of the Code, 26 P.S. §1-521, provides that:

> Damages payable to a condemnee . . . shall be subject to a lien for all taxes and municipal claims *assessed against* and all mortgages, judgments and other liens of record against *the property for which particular damages are payable,* existing at the date of the filing of the declaration of taking, and said liens shall be paid out of the damages in order of priority before any payment thereof to the condemnee, unless released. (Emphasis added.)

Moreover, the comments to Section 521 read in part that "[i]t is intended that the liens shall attach only to the damages payable from the property on which the mortgage, judgment or other charge existed." Our analysis of this provision, together with its accompanying comments,[9] has convinced us that Section 521 allows only a set-off of liens attached to that property for which condemnation damages have been awarded.

A close examination of the petition for set-off reveals that the liens which the Authority sought to set-off here were not "assessed against . . . the prop-

---

held that a municipality could set-off delinquent taxes against condemnation award pursuant to Section 4 of the Act, the decision was reached prior to the enactment of the Eminent Domain Code. And, Section 1936 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1936 provides that "[w]henever the provisions of two or more statutes enacted finally by different General Assembies are irreconcilable, the statute latest in date of final enactment shall prevail."

9 *See* Section 1939 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1939 (comments on report of committee which drafted statute may be consulted in the construction or application of the original provisions of the statute).

erty for which paricular damages are payable.'' *Id.*
The Authority is precluded, therefore, from such set-
off.

Accordingly, we will affirm the order of the court
of common pleas.

ORDER

AND Now, this 11th day of May, 1984, the order of
the Court of Common Pleas of Lackawanna County
in the above-captioned matter is hereby affirmed for
the reasons set forth in the attached opinion.